FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN -4 P 1: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| DR. THOMAS M. EDSALL, and GRISEL EDSALL | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. _____ |
| ASSUMPTION COLLEGE, DR. THOMAS R. PLOUGH, DR. JOSEPH F. GOWER, and DR. JOHN F. McCLYMER, | ) ) ) ) ) ) | |
| Defendants | ) ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### PARTIES

1.      Plaintiff Dr. Thomas M. Edsall ("Dr. Edsall" or "Plaintiff Edsall") is an individual and resides in New York, New York.

2.      Plaintiff Grisel Edsall is an individual and resides in New York, New York.  At all times relevant, Grisel Edsall was and is the wife of Plaintiff Dr. Edsall.

3.      Defendant Assumption College ("AC") is a private school organized under the laws of the Commonwealth of Massachusetts and located at 500 Salisbury Street, Worcester, Massachusetts.   Defendant AC employs more than twenty-five people.

4.      Defendant Dr. Thomas R. Plough resides at an address presently unknown to Plaintiff.  He is and was, at all relevant times, President of AC.

5.    Defendant Dr. Joseph P. Gower resides at an address presently unknown to Plaintiff. Upon information and belief, he is and was, at all relevant times, Provost/Dean of Faculty at AC.

6.    Defendant John F. McClymer resides at an address presently unknown to Plaintiff. He is and was, at all relevant times, Professor in History Department of AC and head of the Latin American Search Committee.

## JURISDICTION

7.    This Court has jurisdiction over the within claims under 42 U.S.C. §1981, 42 U.S.C. §1983 and 42 U.S.C. §2000e-5, and 28 U.S.C. §1331 and §1332.

## FACTS

8.    In the Fall of 2000, Dr. Edsall began teaching European and U.S. history at AC as a part-time professor in the History Department.

9.    Thereafter, Dr. Edsall became a full-time visiting Assistant Professor of Latin American history for the academic year 2002-03 at AC.

10.    During his three years at AC, Dr. Edsall's classes were very well attended by students, and he received exceptional student evaluations.  He was also the recipient of a prestigious book prize.

11.    On or about October 2002, Defendant AC published a written announcement ("the announcement") of a Faculty Vacancy for a candidate for a tenure-track position in the History Department to teach Latin American History.  On information and belief, Defendant McClymer served as the Chair of the Latin American Search Committee ("Search Committee") assigned to interview candidates and to fill the vacancy.

12.     Dr. Edsall timely applied for the tenure-track position at AC. At all times relevant, Dr. Edsall was a qualified person capable of performing the essential functions of the tenure-track position. In or around late November 2002, Defendant McClymer informed Dr. Edsall that he (Dr. Edsall) should seek employment elsewhere because defendants Plough and Gower were intent on hiring a minority candidate in an effort to increase diversity at AC. Nonetheless, Dr. Edsall incorrectly believed he would be afforded a fair opportunity to earn the tenure-track position, especially given his qualifications for the position.

13.     Some time after Plaintiff Edsall submitted his application for the tenure-track position but on or before February, 2003, Dr. Edsall learned that he was one of three final candidates: Dr. Edsall, a white, U.S. born male;  Rosa Carrasquillo, an Hispanic woman; and another female of German descent.

14.     Dr. Edsall desired the tenure-track position and would have accepted that position had it been offered to him.

15.     On or about February 2003, the History Department formally recommended Dr. Edsall for the tenure-track position in Latin American history at an annual salary with full benefits. Nevertheless, Defendants Gower and Plough rejected the Search Committee's recommendation, and instead selected Rosa Carrasquillo. Dr. Edsall was later offered a part-time position for the Fall semester of 2003 at a salary of approximately $6,000 (SIX THOUSAND DOLLARS) for the semester, with no benefits. Dr. Edsall declined the offer and relocated to New York City, where he continued his search for an academic position.

3

*16.*    On information and belief, the true motivation for the decision by

Defendants AC, Plough and Gower to reject the History Department's recommendation

and not to offer the tenure-track position to Dr. Edsall was that Dr. Edsall is a white male.

## COUNTS

## COUNT I

### (Violation of 42 U.S.C. §2000e)

17.    Plaintiff Edsall repeats and realleges the allegations contained in

Paragraphs 1 through 16, *supra*, of the Complaint as if set forth herein.

18.    42 U.S.C. §2000e-2(a)(1) provides as follows:

**§ 2000e-2.  Unlawful employment practices**

**(a)    Employer practices**

It shall be an unlawful employment practice for an employer—
**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to
discriminate against any individual with respect to his compensation, terms,
conditions, or privileges of employment, because of such individual's race, color,
religion, sex or national origin; ...

19.    Defendant AC is an employer for the purposes of 42 U.S.C. §2000e-2.

20.    In the Fall of 2000, Dr. Edsall, began teaching European and U.S. history

at AC as a part-time professor in the History Department.  Dr. Edsall later became a full-

time visiting Assistant Professor of Latin American history for the academic year 2002-

03.

21.    By refusing to hire Dr. Edsall for the tenure-track position on the basis of

his race and/or gender, Defendants AC, Plough, Gower, and McClymer engaged in an

unlawful employment practice as defined by 42 U.S.C. §2000e-2(a)(1).

4

22.     As a result of Defendants' unlawful employment practice, Dr. Edsall suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, and other damages.

23.     On October 14, 2003, Dr. Edsall timely filed a claim with the Equal Employment Opportunity Commission based upon the allegations stated herein.

24.     On March 25, 2004, the United States Department of Justice issued a letter to Dr. Edsall giving him the right to bring a private suit based upon these allegations.

## COUNT II

### (Violation of 42 U.S.C. §1981)

25.     Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs 1 through 24, *supra*, of the within Complaint as if fully set forth herein.

26.     42 U.S.C. §1981(a) provides as follows:

**§1981. Equal rights under the law**
**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

27.     By refusing to hire Dr. Edsall for the tenure track position on the basis of his race, Defendants AC, Plough, Gower and McClymer violated Plaintiff Edsall's rights as defined by 42 U.S.C. §1981(a).

5

28.    As a result of Defendants' violation of Plaintiff Edsall's rights as defined by 42 U.S.C. §1981(a), Plaintiff Edsall suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, and other damages.

## COUNT III

### (Equal Protection)

29.    Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs 1 through 28, *supra*, of the within Complaint as if expressly set forth herein.

30.    The Fourteenth Amendment to the Constitution of the United States provides, in part, that:

> nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

31.    Article 10 of Part I of the Massachusetts Constitution provides, in part, as follows:

**Art. X. Right of protection and duty of contribution; taking of property; consent to laws; taking of property for highways and streets**

ART. X. Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws....

32.    Defendants AC, Plough, Gower and McClymer denied Plaintiff Edsall an employment opportunity because he was a white male and otherwise denied him said opportunity on the basis of his race.

33.    By denying Plaintiff Edsall an employment opportunity on account of his race and/or gender, Defendants AC, Plough, Gower and McClymer violated Plaintiff Edsall's right to equal protection under the Fourteenth Amendment to the United States

Constitution and Articles 1, 6, 7, 10, 12 and 16 of Part I, and Part II, c. 1 §1, art. 4 of the

Massachusetts Constitution.

34.     As a result of Defendants' violation of Plaintiff Edsall's rights as defined

by the Fourteenth Amendment to the United States Constitution and the Massachusetts

Constitution, Plaintiff Edsall suffered damages, including loss of employment, loss of

employment opportunities, lost pay, lost benefits, and other damages.

## COUNT IV

### (Violations of M.G.L. c. 151B and c. 214 §1C)

35.     Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs

1 through 34, *supra*, of the within Complaint as if expressly set forth herein.

36.     Mass. Gen. L. c. 151B provides, in part, that:

**Chapter 151B: Section 4 Unlawful Practices**—It shall be an unlawful

employment practice:

> (1)     For an employer, by himself or his agent, because of the race, color,
> religious creed, national origin, sex ... genetic information, or ancestry of
> any individual to refuse to hire or employ or to bar or to discharge from
> employment such individual or to discriminate against such individual in
> compensation or in terms, conditions or privileges of employment...

37.     By refusing to hire Plaintiff Edsall to the tenure track position on account

of his race and/or gender, Defendants AC, Plough, Gower and McClymer engaged in an

unlawful employment practice in violation of Mass. Gen. L. c. 151B, Section 4,

Paragraph 1 and/or Mass. Gen. L. c. 214 § 1C.

38.     As a result of Defendants' unlawful employment practice, Plaintiff Edsall

suffered damages, including loss of employment, loss of employment opportunities, lost

pay, lost benefits, and other damages.

7

39.     Plaintiff Edsall timely filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD").

40.     On December 26, 2003, the MCAD gave Plaintiff Edsall the right to bring a private civil action.

## COUNT V

## (Breach of Covenant of Good Faith and Fair Dealing)

41.     Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs 1 through 40, *supra*, of the within Complaint as if expressly set forth herein.

42.     Plaintiff Edsall believes and therefore avers that Defendants AC, Plough, Gower and McClymer unlawfully and knowingly breached the covenant of good faith and fair dealing by, among other things, refusing to hire Plaintiff Edsall to the tenure track position on account of his race and/or gender.

43.     As a direct proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff Edsall has suffered and will continue to suffer severe and substantial financial loss, emotional distress, mental anguish, lost wages, physical injury, harm to reputation and other damages.

## COUNT VI

### (Intentional/Negligent Infliction of Emotional Distress)

44.     Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs 1 through 43 of the within Complaint as if expressly set forth herein.

45.     From October 2002 to September 2003, Defendants AC, Plough, Gower and McClymer engaged in a pattern of extreme or outrageous conduct, which included, without limitation, race and gender discrimination, intended to cause emotional distress, or which defendants knew or should have known would cause emotional distress, which was so severe and of a nature that no reasonable person could be expected to endure.

46.     As a result of the wrongful conduct of the defendants, Plaintiff Edsall has sustained physical and psychological injury, incurred great suffering of body and mind.

## COUNT VII

### (Violation of M.G.L. c. 93 §102)

47.     Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs 1 through 46, *supra*, of the within Complaint as if expressly set forth herein.

48.     Mass. Gen. Laws c. 93 §§102 provides, in part, as follows:

**§ 102. Equal rights; violations; civil actions; costs**

> (a) All persons within the commonwealth, regardless of sex, race, color, creed or national origin, shall have, except as is otherwise provided or permitted by law, the same rights enjoyed by white male citizens, to make and enforce contracts, to inherit, purchase, to lease, sell, hold and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

49.    By refusing to hire Plaintiff Edsall for the tenure track position on the basis of his race and/or gender, Defendants AC, Plough, Gower and McClymer violated Plaintiff Edsall's rights as defined by M.G.L. c. 93 §102.

50.    As a result of Defendants' violation of Plaintiff Edsall's rights as defined by M.G.L. c. 93 §102, Plaintiff Edsall suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, and other damages.

## COUNT VIII

### (Tortious Interference with Prospective Business Advantage)

51.    Plaintiff Edsall repeats and realleges the allegations set forth in Paragraphs 1 through 50, *supra*, of the within Complaint as if expressly set forth herein.

52.    As of 2002 and 2003, Plaintiff Edsall was employed at AC under the terms of a contract.

53.    In or around February, 2003, Defendants Plough, Gower and McClymer knowingly induced AC to breach its contract with Plaintiff Edsall by various means, including, without limitation, by failing and/or refusing to offer Plaintiff Edsall a tenure-track position with AC.

54.    Defendants Plough, Gower and McClymer acted with an improper motive or means, including, without limitation, to discriminate against Plaintiff Edsall on the basis of his race and/or gender, when they so knowingly induced AC to breach its contract with Plaintiff Edsall.

55.    As a result of Defendants' tortious interference with Plaintiff Edsall's prospective business advantage, Plaintiff Edsall suffered damages, including loss of

employment, loss of employment opportunities, lost pay, lost benefits, and other damages.

## COUNT IX

### (Loss of Consortium)

56.     Plaintiffs Dr. Thomas M. Edsall and Grisel Edsall repeat and reallege the allegations set forth in Paragraphs 1 through 55, *supra*, of the within Complaint as if expressly set forth herein.

57.     As a result of the injuries and damages sustained by her husband, Plaintiff Dr. Thomas Edsall, described herein, Plaintiff Grisel Edsall has been deprived of her husband's society and companionship, and has suffered a loss of consortium.

**WHEREFORE**, Plaintiffs Dr. Thomas M. Edsall and Grisel Edsall pray that this Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violative of, among others:

      a.     42 U.S.C. §2000e;

      b.     42 U.S.C. §1981;

      c.     U.S. Const. Amendment XIV;

      d.     Mass. Gen. L. c. 151B, Section 4, Paragraph 1;

      e.     Mass. Gen. L. c. 214, Section 1C.

      f.     Mass. Gen. L. c. 93, Section 102. and

      g.     Massachusetts Constitution.

2.     Permanently enjoin Defendant Assumption College, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in

each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

3.    Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they do not discriminate on the basis of race;

4.    Compensate and make Plaintiff Dr. Thomas M. Edsall whole for all earnings, wages, lost pension, social security, experience, training opportunities and other benefits he would have received but for the discriminatory practices of Defendants;

5.    Compensate Plaintiff Grisel Edsall for all of the damages, including without limitation, emotional distress, mental anguish and pain and suffering she has endured and will endure as a result of the discriminatory practices of Defendants;

6.    Compensate Plaintiff Dr. Thomas M. Edsall for all of the damages, including without limitation, emotional distress, mental anguish and pain and suffering he has endured and will endure as a result of the discriminatory practices of Defendants;

7.    Award Plaintiffs compensatory damages of $1,000,000.00 (ONE MILLION DOLLARS);

8.    Award Plaintiffs punitive damages of $1,000,000.00 (ONE MILLION DOLLARS);

9.    Award Plaintiffs a reasonable attorney's fee;

10.    Award Plaintiffs the costs and disbursements of this action; and,

11.    Grant such other relief as the Court may consider to be just and proper.

**PLAINTIFFS DEMAND TRIAL
BY JURY ON ALL ISSUES SO TRIABLE**

Plaintiffs
THOMAS M. EDSALL, and
GRISEL EDSALL
By Their attorneys,

_____
James B. Krasnoo
Paul J. Klehm
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA 01810
(978) 475-9955

Date: _____6/3/04_____

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DR. THOMAS M. EDSALL

## DEFENDANTS

IN CLERKS OFFICE

ASSUMPTION COLLEGE
DR. THOMAS R. PLOUGH
DR. JOSEPH F. GOWER
DR. JOHN F. McCLYMER

2004 JUN -4  P 1: 30

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New York, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul J. Klehm, Esq.
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA 01810  (978-475-9955)

ATTORNEYS (IF KNOWN)  Douglas F. Seaver, Esq.
Hinckley Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617-345-9000)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Additional TORTS PERSONAL INJURY column:
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

LABOR additional:
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC. sec. 2000e, 42 USC. sec. 1981, , 28 USC. sec. 1332, 28 USC. sec. 1367.  Plaintiff, a white male, asserts claims against College and others for discrimination based on race.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 1 MILLION

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

None

JUDGE _____  DOCKET NUMBER _____

DATE  6/3/04

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Dr. Thomas M. Edsall v.**
   **Assumption College, et al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          *Also complete AO 120 or AO 121
                                                                                    for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                      YES        (NO)

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                      YES        (NO)

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                      YES        (NO)

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                      YES        (NO)

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                      YES        (NO)

   A.  If yes, in which division do **all** of the non-governmental parties reside?

       Eastern Division          Central Division            Western Division

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division         (Central Division)           Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                      YES        NO

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Paul J. Klehm Esq.

ADDRESS  Law Offices of James B. Krasnoo, 23 Main Street, Andover, MA 01810
                                                                    ↳Terrace Level

TELEPHONE NO.  978-475-9955

(Coversheetlocal.wpd - 10/17/02)