UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -b P 2: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DR. THOMAS M. EDSALL, and GRISEL EDSALL, Plaintiffs | ) ) ) ) |
| v. | ) ) |
| ASSUMPTION COLLEGE, DR. THOMAS R. PLOUGH, DR. JOSEPH F. GOWER, and DR. JOHN F. MCCLYMER, Defendants | ) ) ) ) ) ) |

CIVIL ACTION
NO. 04-40106-FDS

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT I AND COUNTS III THROUGH IX OF PLAINTIFFS' COMPLAINT

This Memorandum of Law is submitted on behalf of Defendants, Assumption

College, Dr. Thomas R. Plough, John F. McClymer and Dr. Joseph F. Gower in support

of their Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) Counts I (all individual

defendants), Count III (Dr. Plough regarding c. 151B claim, III (all defendants regarding

c. 214 claim), and Counts IV through IX of Plaintiffs' Complaint (all defendants). For

the reasons argued herein, Plaintiffs have failed to state a claim upon which relief may be

granted.

### APPLICABLE LAW

A motion to dismiss for failure to state a claim may be granted only if the

plaintiffs can prove no facts in support of their claim that entitle them to relief.  Conley v.

Gibson, 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Court must look only

to the allegations of the complaint and, if under any theory they are sufficient to state a

cause of action, a motion to dismiss the complaint must be denied.  Knight v. Mills, 836

F.2d 659, 664 (1st Cir.1987). It is incumbent upon the court to "accept the complaint's

allegations as true, indulging all reasonable inferences in favor of [the non-moving

party]." Kiely v. Raytheon Co., 105 F.3d 734, 735 (1 Cir., 1997); Hogan v. Eastern

Enterprises/Boston Gas, 165 F.Supp.2d 55, 57 (D.Mass.2001). That general proposition

notwithstanding, "bald assertions,...subjective characterizations, optimistic predictions, or

problematic suppositions" need not be credited. United States v. AVX Corp., 962 F.2d

108, 115 (1 Cir., 1992) (internal quotations omitted).


## **LEGAL ARGUMENT**

## **COUNT I**

### **Title VII Does Not Provide Claim Against Individual Defendants**

Count I alleges a violation of Title VII of the Civil Rights Act against Assumption

College and the individual defendants Dr. Thomas R. Plough, Dr. Joseph F. Gower, and

Dr. McClymer. The case law in this jurisdiction is clear that Title VII does not provide a

right of action against individual defendants. Healy v. Henderson, 275 F.Supp.2d 40

(D.Mass. 2003); Herrera v. Boyd Coating Researach Co., Inc., 983 F.Supp. 49 (D.Mass.

1997); Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228 (D.Mass. 1997).

Therefore, Count I as to defendants Plough, Gower, and McClymer should be dismissed.

## **COUNT III**

### **Equal Protection Claims: Failure to Allege State Action**

Count III alleges violation of the Equal Protection clauses of the Fourteenth

Amendment to the U.S. Constitution and Article 10, Part I of the Constitution of

Massachusetts. The Fourteenth Amendment provides, in part: "nor shall any *State*

deprive any person within its jurisdiction equal protection of the laws" (emphasis added). The Fourteenth Amendment applies to acts of the states, not to acts of private persons or entities. U.S. v. Morrison, 529 U.S. 598, 621 (2000); Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974); Shelley v. Kraemer, 334 U.S. 1, 13 (1948); Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999). Similarly, Article 10, Part I applies to actions by the State. See Tynecki v. Tufts Univ. School of Dental Medicine, 875 F.Supp. 26, 30 n. 5 (D.Mass. 1994)(claims under the Massachusetts Constitution require a "deprivation of rights fairly attributable to the State")(citing Horsemen's Benev. And Protective Ass'n v. State Racing Comm'n, 403 Mass. 692, 532 N.E.2d 644 (1989) and Phillips v. Youth Development Prog., Inc., 390 Mass 652, 459 N.E.2d 453 (1983)). Plaintiffs have not alleged any state action on the part of Assumption College, a private entity. Therefore, Count III of Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## COUNT IV

### Plaintiffs Fail to Allege a Claim under M.G.L. c. 214, §1C

Count IV alleges, in part, a violation of M.G.L. c. 214, §1C. Section 1C reads, in pertinent part, "A person shall have the right to be free from sexual harassment, as defined in chapter one hundred and fifty-one B and one hundred and fifty-one C." Plaintiffs simply have alleged no acts of sexual harassment as defined by the above mentioned statutes. Therefore, Count IV of Plaintiffs' Complaint, to the extent that it contains a claim under C. 214, § 1C, fails to state a claim upon which relief may be granted and should be dismissed.

In addition, Plaintiff failed to name Dr. Thomas R. Plough by name or position in his complaint filed with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission. Therefore, Dr. Plough is not a proper party in this case and Count IV should be dismissed as to Dr. Plough on this basis as well. Butner v. Department of State Police, 60 Mass. App. Ct. 461, 467-468 (2004).

## COUNT V

### No Claim for the Breach of the Covenant of Good Faith and Fair Dealing Exists Where There is an Adequate Remedy at Law

Count V of Plaintiffs' Complaint alleges a breach of the Covenant of Good Faith and Fair Dealing. Massachusetts recognizes a claim for breach of the implied covenant of good faith and fair dealing when a plaintiff shows than an employer's reason for discharge was contrary to public policy, but that cause of action exists *only* when there is no other adequate way to vindicate the public policy. Bhawan v. Fallon Clinic, Inc., 5 F. Supp.2d 64, 67 (D. Mass 1998); Grubba v. Bay State Abrasives, Div. Of Dresser Industries, Inc., 803 F.2d 746, 747 (1st Cir. 1986). As in Bhawan, Edsall has cited a panoply of laws under which he seeks to redress his employer's alleged wrongdoing and he has remedies available which provide adequate means for vindicating his rights. The Count should, therefore, be dismissed.

## COUNT VI

### Plaintiffs' Claims of Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress are Barred by the Exclusivity Provisions of the Massachusetts Workers Compensation Act

Plaintiff Thomas Edsall's claims in Count VI for intentional and negligent infliction of emotional distress are barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, M.G.L. c. 152. The Supreme Judicial Court

has regularly held that claims of emotional distress inflicted in the context of covered employment are barred. <u>Delmonte v. Laidlaw Environmental Services, Inc.</u>, 46 F.Supp.2d 89, 96 (D.Mass 1999); <u>Green v. Wyman-Gordon Co.</u>, 422 Mass. 551, 558-61, 664 N.E.2d 808 (1996); <u>Foley v. Polaroid Corp.</u>, 381 Mass. 545, 548, 413 N.E.2d 711 (1980). All of the allegations in Plaintiff's complaint occurred during Mr. Edsall's employment and arise in the context of his employment. Therefore, the claims in Count VI should be dismissed.

Moreover, the claim of intentional infliction of emotional distress must be based on the allegation of defendant's conduct that was "extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community," and that the emotional distress claimed by plaintiff has been "severe and of such a nature that no reasonable person could be expected to endure it." See <u>Tetrault v. Mahoney, Hawkes & Goldings</u>, 425 Mass 456, 466, 681 N.E.2d 1189 (1997). Plaintiff's claims simply do not rise to this level to support such a claim and Count VI should be dismissed on this basis as well.

**COUNT VII**

**A Claim under the Massachusetts Equal Rights Act, M.G.L. c. 93, §102,
is Barred as M.G.L. c. 151B Provides the Exclusive Remedy
for Employment Discrimination Claims**

Count VII alleges a claim under the Massachusetts Equal Rights Act, M.G.L. c. 93, §102. This claim is barred because Chapter 151B provides the exclusive remedy for claims of employment discrimination. <u>Woods v. Friction Materials, Inc.</u>, 30 F.3d 255, 264 (1st Cir. 1994); <u>Ruffino v. State St. Bank and Trust Co.</u>, 908 F. Supp. 1019, 1043 (D. Mass. 1995); <u>Charland v. Muzi Motors</u>, 631 N.E.2d 555, 417 Mass. 580 (1994). "Where

M.G.L. 151B is applicable, M.G.L. c. 93, §102 claims are barred." Id.  Therefore, Count VII of Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## COUNT VIII

### Plaintiffs Fail to Allege the Requisite Elements for a Claim of Tortious Interference with Prospective Business Advantage

Defendants move to dismiss Count VIII on the basis that Plaintiff has failed to allege a claim upon which relief may be granted.  Dr. Edsall brings a claim in tort against Mr. Plough for intentional interference with an advantageous business relationship based on Mr. Plough's decision to hire another candidate for the tenure track position.  This claim must fail because Mr. Plough, as the President of Assumption College and the person with the ultimate authority to hire tenure-track employees, cannot tortiously interfere with Dr. Edsall's relationship with Assumption College.  For purposes of analyzing Dr. Edsall's tort claim, Mr. Plough is Assumption College.

It is well settled that a defendant cannot "tortiously interfere with its own contractual or advantageous relationship."  Bliss v. Town of West Brookfield Bd. of Health, 1995 WL 1146836.  (A copy of this case is attached hereto)  In order to establish a claim for this tort, therefore, Dr. Edsall must establish that a third party interfered with his advantageous business relationship with Assumption College.  See Evans v. Certified Eng'r & Testing Corp., 834 F.Supp. 488, 498 (D. Mass. 1993) (under Massachusetts law, the prima facie elements of a claim for intentional interference with an advantageous business relationship is (1) the existence of a business relationship or a contemplated contract of economic benefit with a third party, (2) defendant's knowledge of such a relationship, (3) defendant's intentional interference with the relationship, and (4)

#491279 v1

plaintiff's loss of advantage directly resulting from defendant's conduct). Mr. Plough simply cannot be considered a "third party" under this analysis.

The case of Quist v. Board of Trustees for Community College Dist. No. 525, 629 N.E.2d 807 (Ill. 1994) is particularly instructive to show why Dr. Edsall cannot maintain his claim. (a copy of the case is attached hereto) In Quist, the plaintiff, a psychology instructor, sued the Board of Trustees of a Community College for wrongful termination. The plaintiff also asserted a claim of tortious interference with contract against the college president based on a statement made by him. The court rejected the claim of tortious interference, stating:

> In order to maintain a cause of action for tortious interference with contract, . . . the tortfeasor must be a third party to the contractual relationship. (citations omitted). . .. [I]t is indisputable that a party cannot tortiously interfere with its own contract. Inasmuch as plaintiff in this case charges that the president of defendant college made a statement allegedly threatening to her future employability, she is alleging interference by an agent of her employer, defendant college. Since, . . . the Board is the body politic representing the college administration, plaintiff's complaint of tortious interference with contract charges interference by an agent of the Board, not by a third party to her contract with the Board. Id. at 811-812. (emphasis added)

Mr. Plough, the President of Assumption College and ultimate decision-maker regarding the hire of tenure-track employees , cannot be held liable for tortious interference with an advantageous business relationship because Mr. Plough, at all times, was an agent of Assumption College. For purposes of Mr. Edsall's claim of interference, Assumption College and Mr. Plough are the same entity. As such, Mr. Plough cannot be liable for tortious interference, because he cannot interfere with contracts that he himself was responsible for making. Similarly, Mr. Gower, as Provost was responsible for making recommendations to the President, but did not have a final say in the decision. For the foregoing reasons, Count VIII should be dismissed as to all defendants.

7

## COUNT IX

### Plaintiff's Discrimination Claims Do Not Provide a Basis for A Claim for Loss of Consortium

Defendants move to dismiss Plaintiff Grisel Edsall's claims in Count IX alleging Loss of Consortium on the grounds that neither federal nor state law permit such a claim based on an alleged civil rights violation. "The spouse of an alleged federal civil rights victim in not permitted an ancillary cause of action for loss of consortium." Tauriac v. Polaroid Corp., 716 F. Supp. 672, 673 (D. Mass. 1989). See Staffier v. Sandoz Pharm. Corp., 888 F. Supp. 287, 293 (D. Mass. 1995). "[T]his court anticipates that, if faced with the issue, the Supreme Judicial Court would agree with the logic of the federal decisions . . ., and would reject a claim for loss of consortium damages predicated on violations of Massachusetts civil rights statutes." Tauriac at 674. Therefore, Count IX of Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants respectfully move that this Honorable Court allow their motion to dismiss Count I as to the individual defendants, and Counts III through IX as argued above.

Dated:  July 2, 2004

Respectfully submitted,

ASSUMPTION COLLEGE, DR. THOMAS
R. PLOUGH AND DR. JOSEPH F.
GOWER JOHN F. MCCLYMER,

Defendants

By their attorneys,

Douglas F. Seaver, BBO# 450140
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Douglas F. Seaver, hereby certify that on this 2nd day of July, 2004, I served a copy of the Memorandum of Law in Support of Defendants' Motion to Dismiss Count I and Counts III Through IX of Plaintiffs' Complaint upon Plaintiffs by mailing the same via first class mail postage paid, to Plaintiffs' counsel of record, James B. Krasnoo, Esq. & Paul J. Klehm, Esq., Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA  01810 and Karim H. Kamal, Esq., 630 Fifth Avenue, Suite 3163, New York, NY  10111 .

Douglas F. Seaver