UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                               )
DR. THOMAS M. EDSALL, and      )
GRISEL EDSALL                  )
     Plaintiffs                )      Civil Action
                               )      No. 04-40106-FDS
v.                             )
                               )
ASSUMPTION COLLEGE,            )
DR. THOMAS R. PLOUGH,          )
DR. JOSEPH F. GOWER, and       )
DR. JOHN F. McCLYMER           )
     Defendants                )
_____)
```

**PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN F. McCLYMER'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, CROSS-MOTION TO STAY DEADLINE FOR PLAINTIFFS TO RESPOND TO DEFENDANT McCLYMER'S MOTION TO DISMISS UNTIL THIRTY DAYS AFTER DEPOSITION OF DEFENDANT McCLYMER**

Plaintiffs Dr. Thomas M. Edsall and Grisel Edsall (hereinafter, the "Edsalls") hereby oppose Defendant John F. McClymer's (hereinafter, "McClymer") motion to dismiss where the allegations set forth in the Complaint set forth fair notice of their claims against Defendant McClymer consistent with the requirements of Fed.R.Civ.P. 8.  In the alternative, the Edsalls hereby cross-move this Court to stay the deadline for the Edsalls to respond to Defendant McClymer's Motion to Dismiss Until Thirty Days After the Deposition of Defendant McClymer so as to afford the Edsalls a fair opportunity to conduct the deposition of Defendant McClymer and to prepare and to file a supplemental opposition to Defendant McClymer's motion to

dismiss.  The Edsalls set forth their reasons in support of their opposition and cross-motion below:

    1.   On July 6, 2004, Defendant McClymer filed a motion to dismiss all claims against him on the grounds that the complaint does not allege any action on the part of Defendant McClymer which would support the Edsalls' claims.

    2.   In assessing a motion to dismiss, this Court must accept all of the factual allegations set forth in the Complaint as true.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993).  The court must draw any reasonable inference drawn from the allegations in the Edsall's favor.  *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Circ. 1992).  The Court may only dismiss the Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(Complaint states claim despite failure of complaint to set forth specific facts in support of general allegations of discrimination).

    3.   In the within Complaint, the Edsalls assert various discrimination and other claims against the Defendants arising out of the failure of Assumption College to hire Dr. Thomas Edsall, a white male, as a professor at the College because of his race.  His wife Giselle asserts a loss of consortium claim.

The Edsalls make several allegations of wrongdoing against Defendant McClymer in keeping with the Court's liberal "notice pleading" standards. *Fuentes v. Hampden County Sheriff's Dept.*, 2004 WL 1490434 *13(D.Mass. June 25, 2004), and in keeping with the requirement under Fed.R.Civ.P. Rule 8(a)(2) that they assert "a short and plain statement of the claim showing that the pleader is entitled to relief."

    4.   Defendant McClymer's motion acknowledges that, in Paragraph 12 of the Complaint, the Edsalls allege that, in or around late November, 2002, McClymer told Dr. Edsall that he "should seek employment elsewhere because defendants Plough and Gower were intent on hiring a minority candidate in an effort to increase diversity at A.C."

    5.   In Paragraphs 21, 27, 32, 33, 37 42, 49, and 54 of the Complaint, the Edsalls allege, in essence, that Defendant McClymer, along with Defendants Plough and Gower, discriminated against Dr. Edsall on the basis of his race because he (Edsall) was a white male.

    6.   In Paragraph 45, the Edsalls allege that Defendant McClymer, along with Defendants Plough and Gower, committed intentional and/or negligent infliction of emotional distress upon Dr. Edsall.

    7.   In Paragraph 53, the Edsalls claim that Defendant McClymer, along with Defendants Plough and Gower, knowingly

3

induced Assumption College to breach its contract with Dr. Edsall, "by various means, including, without limitation, by failing and/or refusing to offer Plaintiff Edsall a tenure track position with AC."

8.  Given the numerous assertions of wrongdoing on the part of Defendant McClymer set forth in the Complaint, Defendant McClymer has fair notice of the claims against him. The Edsalls have therefore complied with the requirements of Fed.R.Civ.P. 8 and the "notice pleading" standards, and the Edsalls respectfully request that this Court deny Defendant McClymer's motion to dismiss.

9.  In the alternative, to the extent that this Court is inclined to grant the motion to dismiss, the Edsalls respectfully request that this Court issue a stay of the deadline for the Edsalls to respond to Defendant McClymer's motion to dismiss for a period of thirty days so as to afford the Edsalls time within which to depose Defendant McClymer, to receive the deposition transcript and to submit a supplemental opposition to Defendant McClymer's motion to dismiss[1]. Through a deposition, the Edsalls seek to develop further facts in order to bolster their claims against Defendant McClymer, if necessary. The Defendants will suffer no prejudice from the

---

[1] It is possible that the Edsalls may submit a further motion to amend their complaint based upon Defendant McClymer's testimony.

4

allowance of the within motion since Defendant McClymer would be subject to a deposition through discovery in this matter anyway. Moreover, such a deposition would not constitute a "fishing expedition," as there is no dispute in this case that Defendant McClymer was involved in the selection process for the position which Dr. Edsall did not receive.

**WHEREFORE,** for the above reasons, Plaintiffs Thomas Edsall and Giselle Edsall respectfully request that this Court DENY Defendant McClymer's motion to dismiss. In the alternative, to the extent that this Court is inclined to grant the motion to dismiss, the Edsalls respectfully request that this Court GRANT the Edsall's cross-motion and issue a stay of the deadline for the Edsalls to respond to Defendant McClymer's motion to dismiss for a period of thirty days.

                                              The Plaintiffs
DR. THOMAS M. EDSALL,
GRISEL EDSALL,
By Their Attorneys,

/S/ Paul J. Klehm
James B. Krasnoo BBO# 279300
Paul J. Klehm BBO# 561605
23 Main Street
Terrace Level
Andover, MA 01810
(978) 475-9955

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

    I, Paul J. Klehm, counsel to Plaintiffs, hereby certify that, on July 13, 2004, I spoke via telephone with Attorney Douglas Seaver, counsel to Defendants, in order to alert him that Plaintiffs would be filing the within cross-motion.  We were unable to reach a resolution of the cross-motion.


                                          /S/ Paul J. Klehm
                                          Paul J. Klehm

**CERTIFICATE OF SERVICE**

    I, Paul J. Klehm, hereby certify that I forwarded copies of the within document to Douglas F. Seaver, counsel to Defendants, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, MA 02109-1775, by first class mail, postage pre-paid on July 16, 2004.


                                          /S/ Paul J. Klehm
                                          Paul J. Klehm