```
                UNITED STATES DISTRICT COURT
                         FOR THE
                  DISTRICT OF MASSACHUSETTS
```

```
_____
                              )
DR. THOMAS M. EDSALL, and     )
GRISEL EDSALL                 )
     Plaintiffs               )       Civil Action
                              )       No. 04-40106-FDS
v.                            )
                              )
ASSUMPTION COLLEGE,           )
DR. THOMAS R. PLOUGH,         )
DR. JOSEPH F. GOWER, and      )
DR. JOHN F. McCLYMER          )
     Defendants               )
_____)
```

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS I AND III THROUGH IX OF PLAINTIFFS' COMPLAINT AND, IN THE ALTERNATIVE, CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT TO ALLEGE MALICE AS TO COUNT VIII**

Plaintiffs Dr. Thomas M. Edsall and Grisel Edsall (hereinafter, the "Edsalls") hereby oppose Defendants' Motion to Dismiss Count I and Counts III through IX of Plaintiffs' Complaint where the Edsalls have stated claims upon which relief may be granted on all counts (with the exception of Count III and Count IV in part).  In the alternative, the Edsalls cross-move for leave to amend the Complaint to allege malice as to Count VIII.  In particular, the Edsalls oppose Defendants' motion to dismiss the following counts on the grounds that:

(a)  Defendants do not seek a dismissal of Count I to the extent it alleges claims against Assumption

College. To the extent that Count I alleges claims against three employees of Assumption College, Title VII permits the Edsalls to bring claims against them, and, thus, this Court should deny the motion to dismiss that portion of Count I of the Complaint;

(b) Defendants do not seek a dismissal of Count II (§1981).

(c) The Edsalls do not oppose Defendants' request for a dismissal of Counts III (Equal Protection) and IV, **only** to the extent that it alleges a claim under M.G.L. c. 214 §1C.  Defendants do not seek a dismissal of Count IV to the extent that it alleges a claim under M.G.L. c. 151B, and, to that extent, this Court should deny the motion to dismiss as to Count IV;

(d)  The Edsalls have properly stated claims for Breach of Covenant of Good Faith and Fair Dealing (Count V) (1) where such a common law claim is not pre-empted by M.G.L. c. 151B, and (2), where said Count would remain in the case in the event that the Edsalls' claim under M.G.L. c. 151B (Count IV) were somehow dismissed at some point in this case (even though the Defendants have not moved to dismiss the 151B claim), this Court should deny the motion to dismiss as to Count V or, in the alternative, reserve

on this portion of the Defendants' motion until the summary judgment stage of this case;

(e)  The Edsalls have stated claims upon which relief may be granted on Count VI (Intentional/Negligent Infliction of Emotional Distress) where such claims are not barred by the exclusivity provisions of the Workers Compensation Act as the wrongful conduct of the Defendants did not arise out of the course of employment, and, thus, this Court should deny the motion to dismiss as to Count VI;

(f)  As to Count VII (Massachusetts Equal Rights Act, M.G.L. c. 93 §102), for the reasons set forth in Part d, *supra*, this Court should deny the motion to dismiss as to Count VII, or, in the alternative, reserve on this portion of the Defendants' motion until the summary judgment stage of the case.

(g)  The Edsalls have stated a claim for tortious interference with prospective business advantage (Count VIII) where Defendant Plough interfered with Dr. Edsall's prospective employment contract with Assumption College, *Legoff v. Trustees of Boston University*, 23 F.Supp.2d 120, 129-130.  To the extent that this Court is inclined to grant the motion to dismiss as to Count VIII for failure to allege malice,

the Edsalls respectfully request that this Court grant the Edsalls leave to amend their Complaint to allege malice;

(h)  Giselle Edsall has properly stated a claim for loss of consortium.

The Edsalls rely upon the reasons set forth in their Memorandum of law filed herewith.

**WHEREFORE,** for the above reasons, Plaintiffs Thomas Edsall and Giselle Edsall respectfully request that this Court DENY Defendants' motion to dismiss.  In the alternative, to the extent that this Court is inclined to grant the motion to dismiss as to Count VIII, the Edsalls respectfully request that this Court GRANT the Edsalls leave to amend their Complaint to allege malice.

```
                              The Plaintiffs
                              DR. THOMAS M. EDSALL,
                              GRISEL EDSALL,
                              By Their Attorneys,

                              /S/ Paul J. Klehm
                              James B. Krasnoo BBO# 279300
                              Paul J. Klehm BBO# 561605
                              23 Main Street
                              Terrace Level
                              Andover, MA 01810
                              (978) 475-9955
```

4

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

    I, Paul J. Klehm, counsel to Plaintiffs, hereby certify that, on July 15, 2004 at approximately 4:35 p.m., I left a telephone message for Attorney Douglas Seaver, counsel to Defendants, in order to alert him that Plaintiffs would be filing the within cross-motion.  I spoke to Attorney Seaver on July 16, 2004.  He informed me that, in the event of a denial of the motion to amend, he would not oppose the motion to amend referred to herein.

                                                /S/ Paul J. Klehm
                                                Paul J. Klehm

**CERTIFICATE OF SERVICE**

    I, Paul J. Klehm, hereby certify that I forwarded copies of the within document to Douglas F. Seaver, counsel to Defendants, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, MA 02109-1775, by first class mail, postage pre-paid on July 16, 2004.

                                                /S/ Paul J. Klehm
                                                Paul J. Klehm