UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. THOMAS M. EDSALL, and ) <br> GRISEL EDSALL, ) <br>      Plaintiffs ) <br> ) <br> v. ) <br> ) <br> ASSUMPTION COLLEGE, DR. THOMAS ) <br> R. PLOUGH, DR. JOSEPH F. GOWER, ) <br> and DR. JOHN F. MCCLYMER, ) <br>      Defendants ) <br> ) | CIVIL ACTION <br> NO. 04-40106-FDS |

**OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO STAY THE
DEADLINE BY WHICH PLAINTIFFS MUST RESPOND TO DEFENDANT
JOHN F. McCLYMER'S MOTION TO DISMISS**

Defendant John F. McClymer ("McClymer") respectfully submits this Opposition to Plaintiffs' Cross-Motion to Stay the Deadline for Plaintiffs to Respond to Defendant John F. McClymer's Motion to Dismiss Until Thirty Days After Deposition of Defendant McClymer ("Cross-Motion"). For the reasons set forth below, Plaintiffs' Cross-Motion should be DENIED.

In their Cross-Motion, Plaintiffs ask the Court to ignore Plaintiffs' obligations under the Federal Rules of Civil Procedure to state a claim against Defendant McClymer, permit Plaintiffs to search for facts that might lead to a valid claim against him, and take the deposition of McClymer *before* responding to his Motion to Dismiss. In support of their highly unusual request, Plaintiffs make two arguments that can be characterized only as disingenuous and incredible. First, Plaintiffs contend that taking the deposition of McClymer before responding to his Motion to Dismiss "would not constitute a 'fishing expedition ...'" Cross-Motion at ¶ 9. On its face, Plaintiffs' position is indefensible.

1

#494377 v1

If, in fact, the taking of McClymer's deposition "would not constitute a fishing expedition," then there is absolutely no valid reason why Plaintiffs can not follow the conventions of Federal Civil Procedure and wait to depose McClymer when, <u>and if</u>, Plaintiffs' claims against him survive his Motion to Dismiss. It is black letter law that the "fate of a motion to dismiss under Rule 12(b)(6) ... depends on the allegations contained *within the four corners of the plaintiff's complaint*." <u>Young v. Lepone</u>, 305 F.3d 1, 10-11 (1st Cir. 2002) (emphasis added). Indeed, the very purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to challenge the sufficiency of a plaintiff's claims, taking as true all the facts alleged in the complaint and drawing all reasonable inferences in the plaintiff's favor. See <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 16 (1st Cir.1989). Here, McClymer has availed himself of his right, pursuant to Fed. R. Civ. P. 12(b)(6), to challenge the sufficiency of Plaintiffs' claims against him and McClymer is entitled to a response *before* Plaintiffs should be allowed to take discovery and search for facts upon which they might base a valid claim against him.

Second, Plaintiffs argue that McClymer would not suffer any prejudice if Plaintiffs were allowed to take McClymer's deposition before responding to his Motion to Dismiss. <u>See</u> Cross-Motion at ¶ 9. Setting aside that granting Plaintiffs' request would substantially prejudice McClymer in its brazen flouting of accepted practice and the basic operation of the Rules of Civil Procedure, McClymer would clearly be prejudiced by the open-ended nature of Plaintiffs' proposal and its unpredictable and indefinite delay. Granting Plaintiffs' Cross-Motion would mean giving Plantiffs until thirty days *after* they take the *unscheduled* deposition of McClymer to respond to his Motion to Dismiss. Thirty days after McClymer's deposition could fall several months

from now, or even later. In the meanwhile, McClymer is prejudiced in that, among other things, he will have to disclose the pendency of this action if he, for example, applies for new employment, refinances his home, or even applies for a credit card. Despite Plaintiffs' incredible suggestion to the contrary, the very pendency of this case prejudices McClymer and this prejudice would only increase if the Court granted Plaintiffs' Cross-Motion and imposed unnecessary delay.

WHEREFORE, for all the foregoing reasons, Defendant McClymer respectfully requests that Plaintiffs' Cross-Motion to Stay the Deadline for Plaintiffs to Respond to Defendant John F. McClymer's Motion to Dismiss Until Thirty Days After Deposition of Defendant McClymer be DENIED.

Dated: July 23, 2004

Respectfully submitted,

JOHN F. MCCLYMER,
Defendant

By his attorneys,

_____
Douglas F. Seaver, BBO# 450140
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Douglas F. Seaver, hereby certify that on this 23rd day of July 2004, I served a copy of the foregoing document upon Plaintiffs by mailing the same via first class mail, postage paid, to Plaintiffs' counsel of record.

_____
Douglas F. Seaver

#494377 v1