Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DR. THOMAS M. EDSALL, and <br> GRISEL EDSALL, <br>     Plaintiffs <br><br> v. <br><br> ASSUMPTION COLLEGE, DR. THOMAS <br> R. PLOUGH, DR. JOSEPH F. GOWER, <br> and DR. JOHN F. MCCLYMER, <br>     Defendants | CIVIL ACTION <br> NO. 04-40106-FDS |

**DEFENDANTS' AMENDED ANSWER TO COMPLAINT AND JURY DEMAND**

Defendants Assumption College, Dr. Thomas R. Plough and Dr. Joseph F. Gower hereby answer the claims contained in Plaintiffs' Complaint as follows:[1]

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Paragraph 7 alleges statements of law to which no answer is required.

8. Admitted.

---

[1] Defendant Dr. John F. McClymer has filed a Motion to Dismiss all claims and, therefore, does not join in this pleading.

9. Defendants admit the allegations in Paragraph 9 and further state that the Assistant Professor position was a one year non-tenured contract which expired under its own terms at the end of the 2002-03 academic year.

10. Defendants admit that Dr. Edsall's classes were attended by students, that he received student evaluations and that he received a book prize. All other allegations in the Complaint are denied.

11. Admitted.

12. Defendants admit that Dr. Edsall applied for the tenure track position and that at all relevant times Dr. Edsall was qualified for the tenure track position. Defendants are without sufficient information or knowledge on which to respond to allegations of Dr. Edsall's belief and, therefore, deny the same and leave Plaintiffs to the proof thereof. All remaining allegations in Paragraph 12 are denied.

13. Defendants admit that Plaintiff Edsall submitted his application for the tenure track position and that Dr. Edsall was one of three finalists for the position. Defendants are unaware as to when Dr. Edsall learned that he was one of the three final candidates, and, therefore, deny the same and leave Plaintiffs to the proof thereof.

14. Defendants are without sufficient information to either admit or deny what Dr. Edsall desired or what he would have done had he been offered the position and, therefore, deny the same and leave Plaintiffs to the proof thereof.

15. Defendants admit that in the spring of 2002 the History Department recommended Dr. Edsall for the tenure track position in Latin American History but deny that the History Department made any recommendation regarding annual salary or benefits. Defendants further admit that Dr. Plough rejected the Search Committee's recommendation and instead selected Rosa Carasquillo. Defendants deny that Defendant Gower had the authority to or in fact did select Rosa Carasquillo. Defendants further admit that Dr. Edsall was later offered a part time position for the fall semester of 2003 and that he rejected it. All other allegations contained in Paragraph 15 of the Complaint are denied.

16. Denied.

## COUNT I

### (Violation of 42 U.S.C. §2000e)

The individual defendants have filed a Motion to Dismiss Count I and, therefore, do not respond to the various Paragraphs of Count I of the Complaint at this time. Defendant Assumption College responds as follows:

17. Defendant repeats and restates its responses to Paragraphs 1 through 16 of the Complaint as set forth herein.

18. Paragraph 18 alleges the language in a statute, the statute speaks for itself and, therefore, Defendant does not need to respond to this Paragraph.

19. Admitted.

20. Defendant admits the allegations in Paragraph 20 and further states that the Assistant Professor position was a one year non-tenured contract

which expired under its own terms at the end of the 2002-03 academic year.

21. Denied.

22. Denied.

23. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23, and, therefore denies the same and leaves Plaintiffs to the proof thereof.

24. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24, and, therefore denies the same and leaves Plaintiffs to the proof thereof.

## COUNT II

### (Violation of 42 U.S.C. §1981)

25. Defendants repeat and restate their responses to Paragraphs 1 through 24 of the Complaint as set forth herein.

26. Paragraph 26 alleges the language in the statute which speaks for itself and, therefore, Defendants need not respond.

27. Denied.

28. Denied.

## COUNT III

### (Equal Protection)

Defendants have filed a Motion to Dismiss Count III and, therefore, do not respond to the various Paragraphs of Count III of the Complaint at this time.

## COUNT IV

### (Violations of M.G.L. c. 151B and c. 214 §1c)

Defendants have filed a Motion to Dismiss Count IV to the extent that it includes a claim under M.G.L. c. 214 §1c and, therefore, have not responded to that claim.

35. Defendants repeat and restate their responses to Paragraphs 1 through 34 of the Complaint as set fully forth herein.

36. Paragraph 36 states the language of a statute which speaks for itself and, therefore, Defendants need not respond to this Paragraph.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT V

### (Breach of Covenant of Good Faith and Fair Dealing

Defendants have filed a Motion to Dismiss Count V and, therefore, do not respond to the various Paragraphs of Count V of the Complaint at this time.

## COUNT VI

### (Intentional/Negligent Infliction of Emotional Distress)

Defendants have filed a Motion to Dismiss Count VI and, therefore, do not respond to the various Paragraphs of Count VI of the Complaint at this time.

## COUNT VII

### (Violation of M.G.L. c. 93 §102)

6

Defendants have filed a Motion to Dismiss Count VII and, therefore, do not respond to the various Paragraphs of Count VII of the Complaint at this time.

## COUNT VIII

## (Tortious Interference with Prospective Business Advantage

Defendants have filed a Motion to Dismiss Count VIII and, therefore, do not respond to the various Paragraphs of Count VIII of the Complaint at this time.

## COUNT IX

## (Loss of Consortium)

Defendants have filed a Motion to Dismiss Count IX and, therefore, do not respond to the various Paragraphs of Count IX of the Complaint at this time.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction because Plaintiff Thomas Edsall failed to exhaust his administrative remedies by failing to use the College's grievance procedure prior to filing this action in Court.

2. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

3. Plaintiffs have failed to mitigate their damages.

4. The individual Defendants at all times acted in good faith and within the scope of their employment.

5. Assumption College at all times acted in good faith to prevent discriminatory conduct.

6. The decision to award the tenure-track position to a person other than Mr. Edsall was based on non-discriminatory reasons and reasons other than Mr. Edsall's race.

7. To the extent that the race of any candidate was considered in the decision regarding the tenure-track position, the consideration was a "plus" factor legally

permissible under United States Supreme Court decisions.

8. Some of the damages alleged are not recoverable under Title VII and/or 42 U.S.C. 1981.

9. Some or all of the claims under Title VII and M.G.L.c. 151B are barred by Plaintiffs' failure to exhaust their administrative remedies.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' claims, enter judgment on behalf of Defendants, award defendants their costs in defending this action, and grant such other relief that the Court may consider to be just and proper.

Defendants **Demand a Jury Trial** on all issues so triable.

Dated: August 20, 2004

Respectfully submitted,

ASSUMPTION COLLEGE, DR. THOMAS R. PLOUGH, DR. JOSEPH F. GOWER. and JOHN F. MCCLYMER,

Defendants

By their attorneys,

_____
Douglas F. Seaver, BBO# 450140
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

      I, Douglas F. Seaver, hereby certify that on this 20th day of August, 2004, I served a copy of Defendants' Amended Answer To Complaint and Jury Demand upon Plaintiffs by mailing the same via first class mail postage paid, to Plaintiffs' counsel of record, James B. Krasnoo, Esq. & Paul J. Klehm, Esq., Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA  01810 and Karim H. Kamal, Esq., 630 Fifth Avenue, Suite 3163, New York, NY  10111.

      _____
      Douglas F. Seaver

#497333 v1