UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. THOMAS M. EDSALL, and <br> GRISEL EDSALL, <br>     Plaintiffs <br><br> v. <br><br> ASSUMPTION COLLEGE, DR. <br> THOMAS R. PLOUGH, DR. JOSEPH <br> F. GOWER, and DR. JOHN F. MCCLYMER, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO. 04-40106-FDS <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO AMEND
ANSWER TO INCLUDE ADDITIONAL AFFIRMATIVE DEFENSE**

    Defendants have moved for permission to file their Amended Answer to Counts I, II and IV in order to add the affirmative defense under F.R.Civ.P. 12(b)(1) that the Court lacks subject matter jurisdiction over Plaintiff's claims because Thomas Edsall ("Edsall") failed to exhaust his administrative remedies. Edsall has brought various claims all based on the allegation that he, a member of the Assumption College faculty, had been denied improperly his application for a tenure track position. The Faculty Handbook and Faculty Policy Document for Assumption College provide a grievance procedure for such claims. Edsall does not allege anywhere in his Complaint that he exercised his rights under the grievance procedure before filing suit in federal court.

    Recent case law holds that the exhaustion of remedies doctrine applies to the internal grievance processes provided by academic institutions. <u>Nieman v. Yale University</u>. 2004 WL 1574253 (Conn. 2004). See also <u>Berkowitz v. Harvard College</u>, 58 Mass. App. 262, 275-76, 789 NE 2d 75 (2003); <u>Muth v. Board of Regents of</u>

1

<u>Southwest State University</u>, 887 SW 2d 744, 750-51 (MO. App. 1994); <u>Snitow v. Rutkers University</u>, 103 N.J. 116, 124-25, 510 A 2d 1118 (1986). It is a settled principal of administrative law that if an adequate administrative remedy exits, it must be exhausted before the court will obtain jurisdiction to act. The exhaustion of remedies doctrine holds that the court does not have subject matter jurisdiction over an action if plaintiff has not exhausted the remedies available through an internal grievance procedure.

      Plaintiffs will not be prejudiced by the Court's allowance of this Motion. The case was only filed in June 2004, no Rule 16 Conference has been held, no hearing has been scheduled on the previously-filed motion to dismiss, no discovery has been commenced by the parties, and no trial date has been set. In the instant action, justice requires that Defendants be allowed to amend their Answer to include the affirmative defense that Plaintiff Thomas M. Edsall has failed to exhaust their administrative remedies.

Respectfully submitted,

Dated: August 20, 2004

Defendants,

ASSUMPTION COLLEGE,
DR. THOMAS R. PLOUGH,
DR. JOSEPH F. GOWER, and
DR. JOHN F. MCCLYMER,

By their attorneys,

_____/s/_____
Douglas F. Seaver (BBO# 450140)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000

## **CERTIFICATE OF SERVICE**

      I, Douglas F. Seaver, hereby certify that I have this 20th day of August, 2004 forwarded a copy of the Memorandum in Support of Defendants' Motion To Amend Answer To Include Additional Affirmative Defense via e-mail and Defendants' Motion To Amend Answer To Include Additional Affirmative Defense first class mail, postage pre-paid to Plaintiffs' counsel of record:  James B. Krasnoo, Esq. & Paul J. Klehm, 23 Main Street, Terrace Level, Andover, MA  01810.

                                                                           _____/s/_____
                                                                         Douglas F. Seaver

#497225 v1