# Exhibit A

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. THOMAS M. EDSALL, and<br>GRISEL EDSALL,<br>    Plaintiffs<br><br>v.<br><br>ASSUMPTION COLLEGE, DR. THOMAS<br>R. PLOUGH, DR. JOSEPH F. GOWER,<br>and DR. JOHN F. MCCLYMER,<br>    Defendants | CIVIL ACTION<br>NO. 04-40106-FDS |

**DEFENDANTS' AMENDED MOTION TO DISMISS
COUNTS I THROUGH IX OF PLAINTIFFS' COMPLAINT**

The Defendants, Assumption College, Dr. Thomas R. Plough, Dr. John F. McClymer and Dr. Joseph F. Gower (the "Defendants") in the above entitled action hereby move to dismiss Counts I through IX of Plaintiffs' Complaint pursuant to F. R.Civ.P. 12(b)(1) and (6) on the grounds that (a) this Court lacks subject matter jurisdiction of Plaintiff's claims because Thomas Edsall failed to use the grievance procedure at Assumption College prior to filing this claim and, therefore, failed to exhaust his administrative remedies; and (b) said Counts fail to state a cause of action upon which relief can be granted. More particularly, Defendants move to dismiss the following counts on the grounds that:

    (a)    Assumption College's Faculty Handbook contains a grievance procedure for disputes regarding, inter alia, appointments to tenure positions. See Affidavit of Michael H. Rubino, Esq., attached hereto. Thomas Edsall

failed to use said procedure prior to filing this claim, and he has, therefore, failed to exhaust his administrative remedies. Therefore, this Court does not have subject matter jurisdiction over Thomas Edsall's claims.

(b) Count I alleges violation of Title VII of the Civil Rights Act of 1964 against the individual defendants. This Court has regularly ruled that Title VII does not provide for claims against individuals.

(c) Count III alleges violation of the Equal Protection clause of the 14th Amendment to the U.S. Constitution, although Assumption College is a private college, and the individual defendants are natural persons. Therefore, no state action has been implicated as required by the 14th Amendment. In addition, Defendants move to dismiss Count III alleging violation of Article 10 of the Massachusetts Constitution on the grounds that no state action has been alleged.

(d) Count IV alleges a violation of M.G.L.c. 214, §1C (the Massachusetts statute prohibiting sexual harassment), although the Complaint contains no allegations of sexually harassing behavior.

(e) Count IV, to the extent that it alleges a violation of M.G.L.c. 151B against Dr. Plough, is improper since Dr. Plough was not named by title or name in the MCAD and EEOC complaints filed by Plaintiff.

(f) Count V alleges a breach of the Covenant of Good Faith and Fair Dealing which is preempted by the exclusive remedy provided by M.G.L. c. 151B. Bhawan v. Fallon Clinic, Inc., 5 F. Supp.2d 64 (D. Mass 1998).

(g) Count VI which alleges Intentional/Negligent Infliction of Emotional Distress is barred by the exclusivity provisions of the Massachusetts Workers Compensation Act.

(h) Count VII alleging violation of M.G.L. c. 93 §102 is barred on the grounds that M.G.L. c. 151B is the exclusive remedy for employment discrimination claims. Woods v. Friction Materials, Inc., 30 F.3d 255 (1st Cir. 1994); Ruffino v. State St. Bank and Trust Co., 908 F. Supp. 1019 (D. Mass. 1995); Charland v. Muzi Motors, 631 N.E.2d 555 Mass. 580 (1994).

(i) Count VIII which alleges Tortious Interference with Prospective Business Advantage on the grounds that Defendant, Assumption College, could not interfere with its own prospective contracts through its agents.

(j) Count IX which alleges Loss of Consortium should be dismissed because the courts have regularly held that a Loss of Consortium claim is not available in a civil rights case. Tauriac v. Polaroid Corp., 716 F. Supp. 672 (D. Mass. 1989).

The grounds for this Motion are more fully set forth in the Memorandum of Law submitted herewith.

Dated: September 2, 2004

Respectfully submitted,

ASSUMPTION COLLEGE, DR. THOMAS R. PLOUGH AND DR. JOSEPH F. GOWER JOHN F. MCCLYMER, and DR. JOHN F. MCCLYMER

Defendants

By their attorneys,

_____/s/ Douglas F. Seaver
Douglas F. Seaver, BBO# 450140
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Douglas F. Seaver, hereby certify that on this 2d day of September 2004, I served a copy of Defendants' Amended Motion to Dismiss Counts I and III Through IX of Plaintiffs' Complaint upon Plaintiffs by mailing the same via first class mail postage paid, to Plaintiffs' counsel of record, James B. Krasnoo, Esq. & Paul J. Klehm, Esq., Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA 01810 and Karim H. Kamal, Esq., 630 Fifth Avenue, Suite 3163, New York, NY 10111.

_____/s/ Douglas F. Seaver
Douglas F. Seaver