UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. THOMAS M. EDSALL, and )<br>GRISEL EDSALL )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>ASSUMPTION COLLEGE, )<br>DR. THOMAS R. PLOUGH, )<br>DR. JOSEPH F. GOWER, and )<br>DR. JOHN F. McCLYMER )<br>    Defendants ) | Civil Action<br>No. 04-40106-FDS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND ANSWER TO INCLUDE ADDITIONAL AFFIRMATIVE DEFENSE**

Plaintiffs Dr. Thomas M. Edsall and Grisel Edsall (hereinafter, the "Edsalls") hereby oppose Defendants' motion to amend their answer to include an additional affirmative defense of lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 15(a) where the amended defense would be futile, see *Myrick v. GTE Main Street, Inc.,* 73 F.Supp.2d 94, 97 (D.Mass. 1999)(futile motion to amend to add affirmative defense denied), because

   (1) Dr. Thomas Edsall was not required to participate
   in any administrative process before initiating the
   within action as said procedure did not apply to him
   under the circumstances, and

(2)  Dr. Edsall was not required to participate in any administrative proceedings because the procedure was optional as faculty were merely "encouraged" to participate (See Part M of faculty handbook attached to Affidavit of Paul J. Klehm), see *Mayo v. Yale University*, Superior Court, judicial district of New Haven, 2002 WL 241503, Docket No. CV00 0440145S (February 7, 2002) and

(3) Even if Dr. Edsall were required to participate in the administrative proceedings, the procedure expressly provides that it is not intended to "restrict the right of either party to pursue public legal proceedings" (See Affidavit of Michael H. Rubino, Esq. submitted by Defendants, Appendix II, Par. 6, Step IIe).

(4)  Even if Dr. Edsall were required to participate in the administrative proceedings, the Defendants waived their right to insist upon same when they participated in a mediation with Dr. Edsall before the within action was commenced, and,

(5)  Even if Dr. Edsall were required to participate in the administrative proceedings, the Defendants waived their right to insist upon same when they waited too long to assert their alleged affirmative

2

defense, see *Caribbean Insurance Services, Inc. v. American Bankers Life Assurance Co.,* 715 F.2d 17, 19 (1st Cir. 1983)(waiver found where party asserted arbitration defense six months after being sued) and/or the defense is barred by the doctrine of laches, and

(6) Even if Dr. Edsall were required to participate in the administrative proceedings, such proceedings would be futile where the President, Defendant Plough, was one of the alleged wrongdoers and his office figures prominently in the administrative procedure.

The Edsalls rely upon the reasons set forth in the Affidavit of Karim H. Kamal, Esq., the Affidavit of Paul J. Klehm, Esq. and the memorandum of law filed herewith.

**WHEREFORE**, for the above reasons, Plaintiffs Thomas Edsall and Giselle Edsall respectfully request that this Court DENY Defendants' motion to amend their answer to include an additional

affirmative defense.

                                        The Plaintiffs
DR. THOMAS M. EDSALL,
GRISEL EDSALL,
By Their Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo BBO# 279300
Paul J. Klehm BBO# 561605
23 Main Street
Terrace Level
Andover, MA 01810
(978) 475-9955

**CERTIFICATE OF SERVICE**

    I, Paul J. Klehm, hereby certify that I forwarded a copy of the within document to Douglas F. Seaver, counsel to Defendants, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, MA 02109-1775, by first class mail, postage pre-paid on September 23, 2004.

/s/ Paul J. Klehm
Paul J. Klehm