```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| DR. THOMAS M. EDSALL, and <br> GRISEL EDSALL <br>     Plaintiffs <br> <br> v. <br> <br> ASSUMPTION COLLEGE, <br> DR. THOMAS R. PLOUGH, <br> DR. JOSEPH F. GOWER, and <br> DR. JOHN F. McCLYMER <br>     Defendants | Civil Action <br> No. 04-40106-FDS |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO AMEND TO INCLUDE
<u>ADDITIONAL AFFIRMATIVE DEFENSE</u>**

<u>**INTRODUCTION**</u>

Through their motion, Defendants seek to amend their motion to dismiss to include an additional affirmative defense. Plaintiffs Dr. Thomas M. Edsall and Grisel Edsall (hereinafter, the "Edsalls") oppose that effort, in essence, because Dr. Edsall was not required to participate in the optional administrative proceedings before asserting his claims here and because the Defendants have waived any argument regarding any exhaustion of administrative proceedings. As a result, the Edsalls request that this Court DENY Defendants' motion to amend as futile.

**FACTS**

The Edsalls repeat and reallege the facts set forth in their memorandum in opposition to Defendants' initial motion to dismiss filed on July 16, 2004 as if expressly set forth herein.

Additionally, on or about December 23, 2004, Attorney Douglas Seaver, counsel to the Defendants in this matter, entered an appearance at the Massachusetts Commission Against Discrimination with regard to a claim brought by Dr. Thomas Edsall against Assumption College et al. (Affidavit of Karim H. Kamal, Esq. ("Aff. Kamal"), at ¶4).

On February 12, 2004, at the suggestion of Attorney Seaver, the within dispute was the subject of a mediation before Hon. Patrick King at JAMS in Boston, Massachusetts. (Aff. Kamal, ¶5). The mediation did not result in a resolution of the within matter. *Id.*

To the recollection of Attorney Kamal, at no time during the MCAD or EEOC proceedings did the Defendants raise any issue regarding the failure of Dr. Edsall to exhaust his administrative remedies. (Aff. Kamal, ¶6).

**ARGUMENT**

**(1) THE MOTION TO AMEND THE MOTION TO DISMISS SHOULD BE DENIED AS FUTILE WHERE DR. THOMAS EDSALL WAS NOT REQUIRED TO PARTICIPATE IN ANY ADMINISTRATIVE PROCEEDINGS BEFORE INITIATING THE WITHIN ACTION AS SAID PROCEDURE WAS INAPPLICABLE TO DR. EDSALL UNDER THE CIRCUMSTANCES.**

Defendants contend that Dr. Edsall was required to participate in an administrative proceeding in accordance with Appendix II of Assumption College's *Faculty Handbook and Faculty Policy Document*, and that his failure to do so deprives this Court of subject matter jurisdiction. In making their argument, Defendants rely heavily upon a Supreme Court of Connecticut case, *Neiman v. Yale University*, 2004 WL 1574253 (Conn. 2004). In that case, the professor was denied tenure and then filed suit against Yale without exhausting her administrative remedies.

The *Neiman* case is distinguishable from the case at bar on numerous grounds. First, and perhaps most importantly, in Neiman, the professor was a full-time professor seeking tenure. In the case at bar, Edsall was a full-time professor seeking a tenure-track, not tenured, position. As such, in attempting to obtain the tenure track position, he stood in no different position than any other applicant for the position, whether or not the applicant worked at Assumption College. The Defendants would not argue that, had Ms. Carrasquillo been denied the position, she would be required to participate in an administrative process at Assumption College before she could bring an action against the school. To do so constitutes a further discrimination against Dr. Edsall, as

he is being treated differently from other similarly situated applicants.

Moreover, Defendants rely upon *Neiman* to suggest that the word "may" as used in the language "faculty member …. may file a grievance in any of the following situations:" contained in the Assumption College handbook is mandatory, not permissive[1]. (Aff. Rubino, Appendix II, Par. 2) *Neiman,* 2004 WL 1574253 ( "the faculty member *may* request review of his or her complaint…" found to be mandatory). The Court found that the word "may," as used therein, meant the plaintiff had the choice of foregoing the grievance process and accepting the decision or using the procedure available.  Of course, *Neiman* is based upon Connecticut law.

Under Massachusetts law, however, it is clear that the word may (as used in a statute) is a word of permission, and not command.  *Fredericks v. Vartanian*, 529 F.Supp. 264, 268 affirmed 694 F.2d 891 (1981), *Cline v. Cline*, 329 Mass. 649, 653, 110 N.E.2d 123 (1953).  That reasoning has been followed in several Circuits.  See e.g. *Fernandez v. Brock*, 840 F.2d 622 (C.A. 9 1988); *Dalton v. U.S.*, 816 F.2d 971

---

[1] In the first paragraph of the Grievance Procedure, the same permissive language is used.  "If the problem cannot be informally resolved, the faculty member *may* resort to the following procedure."  (Aff. Rubino, Appendix II, Par. 1; emphasis added).

(Ca. 4. 1987); "[I]t remains true that 'may' is not an apt word to express a positive mandate. It is a word of permission and not of command." *Brennan v. Board of Election Commissioners of Boston*, 310 Mass. 784, 786, 39 N.E.2d 636, 637 (1942). Under this analysis, then, the word "may," as used in the Grievance Procedure, is merely permissive. The intent of the drafters of the Assumption College Handbook is made more clear when one considers the use of the word "encourage" (See argument below) and the use of the phrasing suggesting that the procedure is not intended to thwart the ability of employees to bring claims in court. When one examines the plain meaning of the phrases containing "may" as set forth in Paragraphs 1 and 2 of the Grievance Procedure, coupled with the fact that the document must be construed against Assumption College as the drafter thereof, one must conclude that the language is permissive.

The First Circuit also provides some guidance on this issue. In *Brennan v. King*, 139 F.3d 258, 266 (1st Cir. 1998), the Court held that a faculty handbook which gave parties the "right" to request arbitration was "the prerogative, but not the obligation, of the tenure candidate. "Viewed closely, then, the arbitral procedure turns out to be an option that a candidate may invoke or

not as he or she chooses….” *Id.* In *Brennan*, the Court held that, by participating in MCAD and EEOC proceedings, the Plaintiff properly exhausted his adminstrative remedies with regard to his anti-discrimination claims. Id. at 268.

Finally, the Grievance Procedure is inapplicable to Dr. Edsall. He was in the process of applying for a new tenure-track position. He was not claiming that he did not receive "due process as specified in the document" or believe that his academic freedoms had been infringed. (See "Definition of Grievance). As a result, the Grievance Procedure did not apply to Edsall.

> **(2) THE MOTION TO AMEND THE MOTION TO DISMISS SHOULD BE DENIED AS FUTILE WHERE, EVEN IF THE GRIEVANCE PROCEDURE APPLIED TO DR. THOMAS EDSALL, HE WAS ONLY "ENCOURAGED" TO PARTICIPATE;  HE WAS NOT REQUIRED TO PARTICIPATE AS A CONDITION PRECEDENT TO COMMENCING THE WITHIN ACTION.**

Defendants claim Dr. Edsall failed to employ

Assumption College's internal grievance procedure prior to filing this action, and therefore is unable to seek remedy with this Court. However, Dr. Edsall was not required to participate in any administrative proceedings because the procedure was optional as faculty were merely "encouraged" to participate (See Part M of faculty handbook attached to Affidavit of Paul J. Klehm).

Part M "Faculty Grievances" of the Assumption handbook, a portion of the handbook which Defendants did not attach to their materials, provides as follows:

> Assumption College recognizes and endorses the importance of due process and of adjusting grievances properly without fear of prejudice or reprisal. Accordingly the College *encourages* the informal and prompt settlement of grievances as defined in Appendix II. The orderly processes hereinafter set forth are designed to protect due process and academic freedom and to respect professional conduct and the principles by which the College operates.

(See Aff. Klehm, emphasis added).

In *Mayo v. Yale University*, 2002 WL 241503 (Conn.Super. 2002), cited in the *Neiman* case, the Court found that the term "encouraged" as used in a handbook with regard to a grievance procedure to suggest an option rather than compulsion.

Similarly, in the case at bar, Assumption College's grievance policy was one that was permissive, not mandatory, and Dr. Edsall was not required to follow the administrative procedure.

**(3) THE MOTION TO AMEND THE MOTION TO DISMISS SHOULD BE DENIED AS FUTILE WHERE THE GRIEVANCE PROCEDURE EXPRESSLY PROVIDES THAT IT IS NOT INTENDED TO "RESTRICT THE RIGHTS OF EITHER PARTY TO PURSUE PUBLIC LEGAL PROCEEDINGS."**

Assumption College's Faculty Handbook and Policy Document clearly states "....nothing in this section shall

restrict the right of either party to pursue public legal proceedings against the other or to make statements in the course of those proceedings." (See Aff. Rubino, Appendix II, Par. 6, Step II, e).

According to those terms, Dr. Edsall was within his rights under Assumption College's policy to explore public legal proceedings without filing a grievance with the college. Defendant appears to be ignoring the language of its own handbook, which suggests following its grievance policy is not mandatory.

**(4) THE MOTION TO AMEND THE MOTION TO DISMISS SHOULD BE DENIED AS FUTILE WHERE DEFENDANTS WAIVED RIGHT TO ENFORCE ADMINISTRATIVE PROCEEDINGS BY ENTERING INTO A MEDIATION PROCESS.**

The Assumption College Grievance Procedure emphasizes the importance of the parties to a dispute engaging in an informal effort to resolve their differences. (See Aff. Rubino, Appendix II, Par. 1 ("If the problem cannot be informally resolved, the faculty member may resort to the following procedure."); Aff. Rubino, Part M. "Accordingly the College encourages the informal and prompt settlement of grievances as defined in Appendix II"). In this case, the parties did engage in such an informal procedure by participating in a mediation at the request of Defendants' counsel, before the within case was filed. Having done so,

the Defendants cannot now argue that the Edsalls failed to follow an administrative procedure.  Defendants waived their right to enforce an administrative proceeding by suggesting and engaging in a mediation before Hon. Patrick King at JAMS in Boston, Massachusetts , (Aff. Kamal, ¶5).

Morever, to the recollection of Attorney Kamal, at no time during the MCAD or EEOC proceedings did the Defendants raise any issue regarding the failure of Dr. Edsall to exhaust his administrative remedies.  (Aff. Kamal, ¶6).

**(5) THE MOTION TO AMEND THE MOTION TO DISMISS SHOULD BE DENIED AS FUTILE WHERE DEFENDANTS WAIVED RIGHT TO ENFORCE ADMINISTRATIVE PROCEEDINGS WAITING TOO LONG TO ASSERT THEIR ALLEGED AFFIRMATIVE DEFENSE.**

In the case at bar, in or around February, 2003, Edsall was not selected for the job at issue here. (Complaint,¶15).  It was not until the summer of 2004, more than a year later, that the Defendants first sought to assert the administrative procedure as a defense.  By failing to do so, the Defendants have waived their right to assert the defense now.  See *Caribbean Insurance Services, Inc. v. American Bankers Life Assurance Co.,* 715 F.2d 17, 19 (1st Cir. 1983)(waiver found where party asserted arbitration defense six months after being sued).

**(6)   EVEN IF DR. EDSALL WERE REQUIRED TO PARTICIPATE IN THE ADMINISTRATIVE PROCEEDINGS, SUCH PROCEEDINGS WOULD BE FUTILE WHERE THE PRESIDENT, DEFENDANT PLOUGH,**

9

**WAS ONE OF THE ALLEGED WRONGDOERS AND HIS OFFICE FIGURES PROMINENTLY IN THE ADMINISTRATIVE PROCEDURE.**

In the case at bar, Defendant Plough was, at all times relevant, the President of the College. It was he, it is alleged, along with Defendant Gower, who refused to select Edsall. (Complaint, ¶15). The Grievance Procedure includes a number of steps which involve the President of Assumption College. As a result, for Edsall to have attempted to go through the administrative procedure would have been futile.

## CONCLUSION

For the above reasons, Plaintiffs Thomas Edsall and Grisel Edsall respectfully request that this Court DENY Defendants' motion to amend their motion to add an additional affirmative defense.

```
                          The Plaintiffs
                          DR. THOMAS M. EDSALL,
                          GRISEL EDSALL,
                          By Their Attorneys,


                          /s/ Paul J. Klehm
                          James B. Krasnoo BBO# 279300
                          Paul J. Klehm BBO# 561605
                          23 Main Street
                          Terrace Level
                          Andover, MA 01810
                          (978) 475-9955
```

**CERTIFICATE OF SERVICE**

    I, Paul J. Klehm, hereby certify that I forwarded a copy of the within document to Douglas F. Seaver, counsel to Defendants, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, MA 02109-1775, by first class mail, postage pre-paid on September 23, 2004.

                                              /s/ Paul J. Klehm
                                              Paul J. Klehm