UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. THOMAS EDSALL and GRISEL EDSALL,<br><br>Plaintiffs,<br><br>v.<br><br>ASSUMPTION COLLEGE,<br>DR. THOMAS R. PLOUGH,<br>DR. JOSEPH F. GOWER, and<br>DR. JOHN F. McCLYMER,<br><br>Defendants. | Civil Action No.<br>04-40106-FDS |

MEMORANDUM AND ORDER ON
MOTIONS TO DISMISS AND MOTIONS TO AMEND

SAYLOR, J.

This is a claim of reverse discrimination, arising out of a decision by Assumption College not to hire the plaintiff, Dr. Thomas Edsall, for a position in the College's History Department. Dr. Edsall is a white male who contends that he was unfairly passed over for a tenure-track position in favor of a Hispanic female. Dr. Edsall alleges claims for unlawful race and sex discrimination, violation of the equal-protection provisions of the United States and Massachusetts Constitutions, and various common-law torts. His wife, Grisel Edsall, also alleges a claim for loss of consortium.

Pending before the Court are two motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. One, filed by defendant John F. McClymer individually, seeks to dismiss all claims against him, and the other, filed by the

EXHIBIT A

*v. Tufts Univ. Sch. of Dental Med.*, 875 F. Supp. 26, 30 n.5 (D. Mass. 1994)).

Plaintiff has not alleged any state action on the part of the College or its employees, and indeed has not opposed defendants' motion to dismiss these claims. Accordingly, Count 3 will be dismissed as to all defendants.

### D.     The Sexual Harassment Claim

Count 4 of the complaint alleges unlawful employment practices that violate Mass. Gen. Laws ch. 151B and Mass. Gen. Laws ch. 214, § 1C. Chapter 214, § 1C provides that "[a] person shall have the right to be free from sexual harassment. . . ." Defendants move to dismiss the Chapter 214 claim on the grounds that plaintiffs have alleged no acts of sexual harassment.

The complaint makes no such allegations, and plaintiffs do not oppose defendants' motion on that issue. Accordingly, Count 4 will be dismissed to the extent that it claims a violation of Chapter 214, § 1C.

### E.     The Chapter 151B Claim Against Dr. Plough

Count 4 also alleges sex and race discrimination in violation of Mass. Gen. Laws ch. 151B. Dr. Plough seeks dismissal of this claim against him because, he asserts, Dr. Edsall failed to name him by name or position in his complaint filed with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission.

Dr. Plough is correct that a plaintiff cannot maintain a Chapter 151B claim against any defendant not "named" in the administrative charge filed with the MCAD. *See Butner v. Department of State Police*, 60 Mass. App. Ct. 461, 467-68 (2004). The Court must examine whether the putative defendant's conduct was put at issue by the MCAD charge and whether he had notice of, and an opportunity to conciliate, the MCAD charge. *Horney v. Westfield Gage*

*Co.*, 95 F. Supp. 2d 29, 36 (D. Mass. 2000); *Chapin v. University of Mass. at Lowell*, 977 F. Supp. 72, 76 (D. Mass. 1997). Inexplicably, however, no party has placed Dr. Edsall's MCAD charge in the record, and thus the Court is unable to examine it and determine whether Dr. Plough was named either in form or substance.[3] Accordingly, the Court will deny the motion to dismiss Count 4 against Dr. Plough.

### F. The Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Count 5 of the complaint alleges a breach of the implied covenant of good faith and fair dealing. Specifically, plaintiff alleges that defendants breached the covenant by refusing to hire Dr. Edsall to the tenure-track position on account of his race and gender.

Massachusetts recognizes a claim for a breach of the implied covenant of good faith and fair dealing in the employment context as "a common law exception to the general doctrine that an at-will employee may be terminated without liability for virtually any reason." 45 Scott C. Moriearty et al., *Massachusetts Practice, Employment Law* § 3.1 (2d ed. 2003). Where Chapter 151B applies, however, it provides "the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections." *Charland v. Muzi Motors, Inc.*, 417 Mass. 580, 586 (1994); *see also Bhawan v. Fallon Clinic*, 5 F. Supp. 2d 64, 67 (D. Mass. 1998) (good-faith-and-fair-dealing claim based on wrongful termination barred by the availability of Chapter 151B); *Ruffino*, 908 F. Supp. at 1053 (same); *Melley v. Gillette Corp.*, 19 Mass. App. Ct. 511, 513 (1985), *aff'd*, 397 Mass. 1004 (1986). Plaintiffs have drawn the Court's attention to no cases upholding a claim for the breach of the implied covenant of good faith and fair dealing

---

[3] The Court may have properly considered the MCAD charge in connection with this motion because it is referred to in the complaint and because it is a public document. *See Chapin*, 977 F. Supp. at 76 n.3.

Likewise, tort claims are not ordinarily affected by the existence of an internal grievance procedure. *See O'Brien*, 422 Mass. at 687, 695-96 (upholding jury verdict in favor of plaintiff on claim of intentional interference with contractual relations against supervisor but concluding that wrongful-discharge claim against employer failed because plaintiff did not first follow grievance procedure prescribed in personnel manual); *cf. Brennan*, 139 F.3d at 269-70 & n.13 (holding that plaintiff was required to pursue the grievance procedure outlined in his employment contract before maintaining his breach-of-contract claim, but nevertheless concluding that there was "nothing peculiar about" plaintiff's claims for fraud, misrepresentation, intentional and/or negligent infliction of emotional distress, and civil conspiracy "that would require exhaustion of contractual procedures"). Dr. Edsall was therefore not required to pursue his claim for intentional interference through the Assumption College grievance procedure.

Accordingly, Dr. Edsall was not required to participate in the internal grievance procedure prior to instituting suit for any of the claims that remain in this suit. The motion for leave to amend the answer and the motion to dismiss will be denied on grounds of futility.

V.   Conclusion

For the reasons set forth above, the motion to dismiss filed by Dr. John F. McClymer (Docket No. 10) is GRANTED. The motion to dismiss filed by the defendants collectively (Docket No. 11) is GRANTED IN PART and DENIED IN PART, as follows:

   I.   Count 1 of the complaint is dismissed as to Drs. Plough and Gower;

   II.  Counts 3, 5, 6, and 7 of the complaint is dismissed as to all defendants;

   III. Count 4 of the complaint is dismissed as to all defendants with respect to any claims asserted under Mass. Gen. Laws ch. 214, § 1C; and

      IV.    Count 8 of the complaint is dismissed as to Assumption College only.

Defendants' motion to amend the answer and motion to amend the motion to dismiss (Docket Nos. 23, 25) are DENIED.

**So Ordered.**

                                            /s/ F. Dennis Saylor  
                                            F. Dennis Saylor IV  
                                            United States District Judge

Dated: March 31, 2005